## N. T. PUGH, Administrator, &c. v. JOHN BOYD.

1. CIRCUIT COURT: MOTION: PRACTICE: PARTIES.—On the trial of a motion against the sheriff, to recover a sum collected by him on an execution, he may show, in his defence, wherever·such a claim would be considered on the trial of a motion, that the attorney who recovered the judgment, has a valid lien on the fund for his commissions, and that he has notified the sheriff to retain it for him; and hence, it will be improper for the court to allow the attorney to be made a party to the motion, upon his claim, that he has a lien on the fund in controversy.

Pugh, Admr. *v.* Boyd.

2. ATTORNEY-AT-LAW: LIEN.—Whether an attorney has a lien on the fund collected under a judgment recovered by him for the payment of his fees, where the amount of his fees has not been fixed by special contract, or by established professional usage,—*Quære?* But conceding that he has a lien in such a case, it will not be noticed or considered on the trial of a motion against the sheriff for a failure to pay over money collected on execution.

3. HIGH COURT: PRACTICE: EXCEPTIONS.—This court will not notice an objection made, in the Circuit Court, to the admission of a new party to a motion against a sheriff for a failure to pay over money collected on execution, unless it be excepted to.

ERROR to the Circuit Court of Yazoo county.

This writ of error was sued out by the administrator of W. E. Pugh.

*Gibbs* and *Wilkinson*, for plaintiff in error,
Cited 3 S. & M. 223; *Johnson* v. *Pyles*, 11 Ib. 189.

*Nye* and *Hill*, contra.

HANDY, J., delivered the opinion of the court.

This was a motion made by the defendant in error, the plaintiff in an execution against the sheriff of Yazoo county, for failing to pay over the sum of $500, the balance of the money collected by the sheriff on the execution; which sum the sheriff retained in his hands, on account of the fee of W. E. Pugh, the attorney who obtained the judgment for the plaintiff. On the application of the administrator of the attorney, who was then dead, he was made a party to the motion against the objection of the plaintiff in the motion; and it was claimed by the administrator, upon the hearing of the motion, that his intestate, the attorney, was entitled to the sum of $500, for his fee in prosecuting the case to judgment. Evidence was offered, showing that the attorney had prosecuted the suit to judgment, and tending to show that his services were worth the sum of $500; but no contract for that sum was proved, and the plaintiff in the execution admitted that his services were worth the sum of $100. The court rendered judgment, ordering the sheriff to pay $400 to the plaintiff, and $100 to the attorney's

administrator; and to that judgment the administrator prosecutes this writ of error.

It is objected, in the first place, by the defendant in error, that the plaintiff in error was an improper party to the motion, and that he is not entitled to prosecute a writ of error to the judgment. The defendant now claims the benefit of his objection, in the court below, to his being admitted a party.   On the contrary, it is said, that he was the party in interest, and that his rights could only be protected by his being made a party to the proceeding.   But it was competent for the sheriff to defend the motion, on the ground of the attorney's claim upon the money, and the notice thereof which had been given to him, if that claim was valid in behalf of the attorney as against the plaintiff in the execution.   It therefore appears, that the plaintiff in error was improperly made a party; and if the plaintiff had excepted thereto, the objection would be sustained.   But no exception was taken on his part, and the error is, therefore, not available to him here.

But upon the merits of the motion, we think that the claim, as it was proved, should not have been entertained on this motion.

The claim was not for commissions established by professional usage, for money collected by a sheriff on a judgment obtained by the attorney, which are capable of definite ascertainment.   Nor was it even for a sum due by special contract from the client to the attorney.   It was not, therefore, for a fixed and ascertained sum. Without expressing any opinion, whether claims of this sort could be asserted by the attorney, as a *lien* upon money collected by the sheriff under a judgment which the attorney had obtained for the plaintiff, we think it clear that the claim cannot be maintained as it is here proved, and in a motion like this.   It is a mere claim, as upon *quantum meruit*, for compensation for services which the attorney had rendered the plaintiff in the suit.   It depended upon the question, what the attorney was entitled to for his compensation?   It was certainly incompetent to try and settle such a controversy between the client and attorney, in a collateral way, upon a motion by the plaintiff against the sheriff for money collected upon an execution, and which he had failed to pay over; for the real controversy seems to have been, what amount the attorney was entitled to for his services.   Such an investigation was wholly

foreign to the subject of consideration presented by the motion, and was well calculated to lead to uncertainty and confusion. It was a distinct claim, which the plaintiff had the right to demand should be asserted and established in due form of law.

We, therefore, think that the claim should not have been entertained in this proceeding; and hence that no error was committed in the judgment, of which the plaintiff in error can complain, and the defendant does not seek a reversal.

Judgment affirmed.